UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                        ORDER
                                          Crim. No. 98-222 (01) (MJD)

Fortino E. Diaz,

      Defendant.

_____

      Michael L. Cheever, Assistant United States Attorney, Counsel for Plaintiff.

      Defendant, *pro se.*

_____

      This matter is before the Court on Defendant's motion to correct a clerical

error pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

      The Defendant was convicted by a jury on Count 1 which charged

conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846,

Count 2 which charged distribution of cocaine in violation of 21 U.S.C. §§ 841

(a)(1) and 841(b)(1)(C) and Count 9 which charged money laundering in violation

of 18 U.S.C. § 1956 (a)(1)(A)(I) and 2.

      At sentencing, the Court determined the applicable guideline range was

360 months to life, based on a total offense level 42[1] and a criminal history

category I.  The Defendant was sentenced to a term of imprisonment of 360

months on Count 1, and 240 months on Counts 2 and 9 to be served concurrently.

On appeal, the Defendant argued that as the district court relied on drug

quantities it determined using a preponderance of the evidence standard, he was

sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) because the

statutory maximum sentence for Count 1 was 240 months.  The Eighth Circuit

rejected the Defendant's claim, finding that

> [w]hen a defendant is convicted of multiple counts [] a sentence assessed in
> violation of Apprendi does not necessarily constitute plain error because
> "[t]he [Federal Sentencing] Guidelines require a district court to run
> sentences from multiple counts consecutively, rather than concurrently, if
> the Guideline sentence exceeds the statutory maximum sentence for each
> count."

United States v. Sherman et al., 262 F.3d 784, 792 (8th Cir. 2001) (internal

quotation omitted) reh'g granted in part & opinion vacated in part, (Oct. 9, 2011),

opinion reinstated sub. nom., United States v. Diaz, 296 F.3d 680, 685 (8th Cir.

2002) cert. denied, 537 U.S. 940 (2002).

---

[1]The Court found the base offense level was 38, based on a finding that the Defendant was accountable for between 51,690 kilograms and 78,836 kilograms of marijuana.  The base offense level was enhanced four points pursuant to § 3B1.1 as the Court found the Defendant held a leadership role in the conspiracy.

On October 19, 2015, the Defendant filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  Based on the amended drug quantity table, the base offense level in this case is reduced to 36.  With the role enhancement, the Defendant's total offense level is 40, resulting in an amended guideline range of 292 to 365 months.

The Defendant asked that he be resentenced to a term of 240 months, as the statutory maximum sentence for each count of conviction is 240 months.  While the Court had the authority to reduce the Defendant's sentence pursuant to § 3582(c) in accordance with the amendments to the drug quantity table, the Court did not have the authority to sentence the Defendant below the amended guideline range.  United States v. Stark, 551 F.3d 839, 842 (8th Cir. 2009). Accordingly, the Court granted the Defendant's motion in part, and reduced his sentence to the bottom of the amended guideline range; 292 months.  The Court noted that to the extent the Defendant sought a sentence below the amended guideline range, he must seek permission from the Eighth Circuit Court of Appeals to file a successive habeas petition.

The Defendant now moves the Court for an Order setting forth that the sentence for Count 1 is 240 months, and that the sentence for Count 2 be incorporated into Count 1.  The Defendant does not address the sentence for Count 9 and does not make clear if he is seeking a total sentence of 240 months.

As set forth above, the Court could not impose a sentence below the amended guideline range.  Although the Defendant has not pointed to a clerical error in the imposition of sentence, the Court will make clear that the Defendant's sentence of 292 months is based as follows: 240 months on Counts 1, 2 and 9, and that 52 months of the sentences for Counts 2 and 9 are consecutive to the sentence for Count 1.

IT IS HEREBY ORDERED that the Defendant's motion for correct clerical error [Doc. Nos. 585 and 586] are DENIED.

Date:   January 12, 2017

s/ Michael J. Davis
Michael J. Davis
United States District Court